1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   1-800-BAR NONE, A FINANCIAL            No. C 06-5507 CW
    CORPORATION, INC., a California
9   corporation; JAMES CROUSE,
    individually and as designated
10  representative of the former Bar        ORDER GRANTING
    None, Inc. shareholders,                PLAINTIFFS'
11                                          MOTION FOR
            Plaintiffs,                     SUMMARY JUDGMENT
12
        v.
13
    BRANDOW'S FAIRWAY CHRYSLER JEEP,
14  INC., a Pennsylvania corporation;
    BRANDOW CHRYSLER JEEP COMPANY, a
15  Pennsylvania corporation; BRANDOW
    CHEVROLET, INC., a New Jersey
16  corporation; MARGARET M. STUSKI, an
    individual; and DOES 1 through 100,
17  inclusive,

18          Defendants.
    _____/
19
    BRANDOW'S FAIRWAY CHRYSLER JEEP,
20  INC., a Pennsylvania corporation;
    BRANDOW CHRYSLER JEEP COMPANY, a
21  Pennsylvania corporation; BRANDOW
    CHEVROLET, INC., a New Jersey
22  corporation,

23          Cross-Claimants,

24      v.

25  1-800-BAR NONE, A FINANCIAL
    CORPORATION, INC., a California
26  corporation; JAMES CROUSE, an
    individual,
27
            Cross-Defendants.
28  _____/

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Plaintiffs and Cross-Defendants 1-800 Bar None, A Financial Corporation, Inc. (Bar None) and Jim Crouse (collectively, Plaintiffs) move for summary judgment on their cause of action for declaratory relief; in addition, Plaintiffs move for summary judgment on the counter-claims against them. Defendants and Cross-Claimants Brandow's Fairway Chrysler Jeep, Inc., Brandow Chrysler Jeep Company, Brandow Chevrolet (collectively, Brandow) and Defendant Margaret Stuski (collectively, Defendants) oppose the motion. The matter was heard on December 1, 2006. Having considered the parties' papers, the evidence cited therein and oral argument, the Court grants Plaintiffs' motion.

BACKGROUND

Bar None is a provider of sales leads to retail automobile dealerships. It obtains leads for its dealership customers by designing and implementing national advertising campaigns and direct mail solicitation programs. These advertisements and solicitations include a toll-free number that a consumer, interested in purchasing a vehicle, can call. Bar None screens consumers who call the toll-free number for eligibility to purchase a vehicle and then directs them to an automobile dealership, where the dealership will negotiate with the consumer for the sale of a car. Mr. Crouse is the former president and Chief Executive Officer of Bar None.

Brandow was a Bar None customer. Brandow's former Chief Financial Officer, David Wexler, selected Bar None to generate leads for the Brandow dealerships. Between 1999 and 2004, Brandow contracted with Bar None to provide lead generation services.

2

**United States District Court**
For the Northern District of California

Bar None states that it required all of its customers, including Brandow, to pre-pay for direct mail advertising. According to Bar None, Brandow would typically order a weekly level of direct mail advertising over the phone; Bar None would generate a purchase order confirming the phone order and would forward the order to Brandow. Although Brandow was supposed to sign and return the purchase order, Bar None states that Brandow often just sent in payment of the amount reflected on the purchase order. After Bar None received funds from Brandow, Bar None generated the direct mailing materials and mailed them using the United States Postal Service. Brandow states that its initial practice was to have the accounting department pay Bar None for its services by mailing a check, not by wire transfer. In 2003, however, Mr. Wexler began initiating wire transfers to Bar None; only Mr. Wexler was listed with Brandow's bank as having authority to initiate wire transfers.

In the fall of 2004, Bar None accused Brandow of falling behind on paying its bills. According to Bar None, Brandow responded that it was struggling financially. Bar None offered to provide Brandow with a month of free services, if Brandow would pay its past due balance. Brandow accepted the free services, but it did not pay its past due balance. Bar None terminated its business relationship with Brandow, alleging that Brandow owed Bar None approximately $150,000 for past advertising services.

During approximately the same time, Brandow fired Mr. Wexler and hired Ms. Stuski as the Vice President and General Counsel of Brandow Auto Group, which includes the three Brandow dealerships involved in this case. One of her responsibilities was to perform

**United States District Court**

For the Northern District of California

a forensic investigation of Mr. Wexler's malfeasance.

Months later, after Bar None attempted to collect on the past due balance, Ms. Stuski reviewed the Bar None file to determine what, if anything, was owed.  She discovered the wire transfers and, in light of Brandow's payment practices of mailing checks for services rendered, deemed the wire transfers suspicious.

On April 27, 2005, she sent a letter to Bar None, stating that she had discovered "vast irregularities" in Bar None's services and the amounts that Brandow had paid to Bar None.  The letter stated, in part:

> It is the position of Brandow at this time, that Brandow does not owe Bar None any money.  Further, at this time, please be advised that according to our calculations, there has been payment for services to Bar None for which we shall seek a refund unless they are substantiated and that the preliminary amount is $1,023,575.00 dollars.
>
> In light of the impending sale of Bar None, this amount of money is considered in dispute.

Dec. of Staub, Ex. 1.  The letter was sent on the day a sale of Bar None was to close.  Bar None contends that the baseless allegations in the letter caused a delay in the sale of Bar None, resulting in damages to Bar None shareholders in excess of $500,000.

Ms. Stuski requested all the documents relating to the relationship between Bar None and Brandow.  Bar None responded that, given the length of the relationship and corresponding amount of documents at issue, the request was unreasonable.  It requested that Ms. Stuski provide it with more information concerning the irregularities she claimed in her letter so that it could investigate the merit of her allegations; she refused.

4

1    In September, 2005, Plaintiffs filed the present action

2    against Defendants in Alameda County Superior Court.  Plaintiffs'

3    first amended complaint alleges breach of written contract,

4    intentional interference with contractual relationships,

5    interference with prospective economic relations, fraud, defamation

6    and slander per se.  The complaint also includes a cause of action

7    for declaratory judgment, seeking a judicial declaration that

8    Brandow's $1,023,575 claim is invalid.

9    Defendants answered the complaint and, six months later,

10   Brandow filed a cross-complaint, alleging concealment, grand theft,

11   money had and received, unfair business practices, breach of

12   contract and conspiracy.  In addition, Brandow seeks an accounting.

13   These causes of action are based on Brandow's allegations that it

14   paid Bar None over a million dollar for services not rendered and

15   that Plaintiffs and Mr. Wexler conspired to steal over a million

16   dollars.

17   After filing this lawsuit, Plaintiffs propounded discovery.

18   In their interrogatories, Plaintiffs requested that Brandow

19   describe all accounting and calculations by which it computed the

20   $1,023,575 figure cited in the April 27, 2005 letter.  First,

21   Defendants answered, "The checks and wire transfer amounts were

22   totaled."  Muller Dec., Ex. 2.  Defendants then amended their

23   answer to explain:

24       The checks and wire transfer amounts were totaled.  That is,
         Brandow compared the amounts of the checks and wire transfers
25       sent to Bar None to the invoices it had received.  The checks
         all had invoices which matched up to them. . . . The wire
26       transfers did not have any invoices associated with them. . . .
         After giving Bar None the benefit of the doubt for certain
27       amounts, the calculation came to $1,023,575.

28                                     5

Muller Dec., Ex. 3.   Defendants augmented their answer again; in their Second Amended Response to Plaintiff's First Set of Special Interrogatories, Defendants added:

> Brandow is currently unable to recreate the exact calculation it performed to arrive at the $1,023,575 figure, as there are no notes reflecting the calculation, nor which amounts it gave Bar None the benefit of the doubt for.  As noted in Ms. Stuski's April 27, 2005, letter, the amount is "preliminary." Hence, Brandow reserves its rights to update the calculation in the future.

Muller Dec., Ex. 4.

Through the discovery process, Defendants identified thirty wire transfers that they claim Bar None received without having provided services in return.  Plaintiffs contend that each of these wire transfers from Brandow was in exchange for actual work performed by Bar None at Brandow's request.  Plaintiffs produced to Defendants a set of purchase orders, invoices and United States Postal Service receipts, documenting the work Bar None performed in exchange for the wire transfers at issue.

In August, 2006, while this case was still pending in state court, Plaintiffs moved for summary judgment on their claim for declaratory relief as well as on the causes of action contained in the cross-complaint.  Before the motion was decided, Defendants removed the case to federal court.  Plaintiffs again move for summary judgment.

                              LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ.

United States District Court

For the Northern District of California

P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Eisenberg v. Ins. Co. of N. Am.</u>, 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  <u>Celotex</u>, 477 U.S. at 324; <u>Eisenberg</u>, 815 F.2d at 1289.  The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case.  The substantive law will identify which facts are material.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods.  <u>Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1106 (9th Cir. 2000).

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

<u>Id.</u>

7

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim.  <u>Id.</u>; <u>see also</u> <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 885 (1990); <u>Bhan v. NME Hosps., Inc.</u>, 929 F.2d 1404, 1409 (9th Cir. 1991).  If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists."  <u>Bhan</u>, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation.  <u>Nissan</u>, 210 F.3d at 1105.  If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists.  <u>Id.</u>

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition.  <u>Id.</u> This is true even though the non-moving party bears the ultimate burden of persuasion at trial.  <u>Id.</u> at 1107.

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a <u>prima facie</u> showing in support of its position on that issue.  <u>UA Local 343 v.</u>

8

<u>Nor-Cal Plumbing, Inc.</u>, 48 F.3d 1465, 1471 (9th Cir. 1994).  That
is, the moving party must present evidence that, if uncontroverted
at trial, would entitle it to prevail on that issue.  <u>Id.</u>; <u>see also</u>
<u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1264-65 (5th
Cir. 1991).  Once it has done so, the non-moving party must set
forth specific facts controverting the moving party's <u>prima facie</u>
case.  <u>UA Local 343</u>, 48 F.3d at 1471.  The non-moving party's
"burden of contradicting [the moving party's] evidence is not
negligible." <u>Id.</u>  This standard does not change merely because
resolution of the relevant issue is "highly fact specific."  <u>Id.</u>

DISCUSSION

Defendants' $1,023,575 overcharge accusation is the basis for
Plaintiffs' claim for declaratory relief.  Plaintiffs contend that
the overcharge accusation is also the basis for each of the seven
causes of action in Brandow's counterclaim.  Arguing that the
overcharge accusation is without merit, Plaintiffs seek summary
judgment in their favor on these eight claims.  Defendants respond
that Plaintiffs have not met their initial burden and that, even if
they did, triable issues of material fact exist.  Defendants
request that, if the Court is inclined to grant Plaintiffs' motion,
the Court permit them to conduct additional discovery to show that
there are triable issues of fact.

I.   Declaratory Relief

Plaintiffs seek a declaration that Defendants' overcharge
allegation, or refund demand, is, and was, invalid.  They
acknowledge that, to prevail on their declaratory judgment claim,
they must establish that the overcharge allegation was baseless and

United States District Court
For the Northern District of California

that Bar None provided the services for which it was paid.
Plaintiffs contend that the undisputed facts establish this without
question.

Plaintiffs point to the purchase orders and invoices, attached
to the declaration of Dan Staub, produced for each wire transfer at
issue.  In addition, they have included the declaration of Markham
Healy, Bar None's Direct Mail Manager, who states that he collected
purchase orders and United States Postal Service receipts
pertaining to Brandow.  Mr. Healy states that he was in charge of
preparing each of the mailings associated with the wire transfers
and that he ensured that each mailing was completed.  He explains:

> The Brandow account was a fairly large one for Bar None.  I
> therefore have a good memory of working on the Brandow
> mailings.  Having reviewed the extensive paper work associated
> with each of the thirty wire transfer transactions, I have no
> doubt that each of the mailings associated with each of the
> thirty wire transfers identified by Brandow actually took
> place.  I was responsible for ensuring that each mail drop
> took place and I remember obtaining confirmation from Bar
> None's direct mail vendor that each mail drop did, in fact,
> occur.

Healy Dec., ¶ 5.

Defendants disagree that Plaintiffs have met their initial
burden.  They argue that Plaintiffs' motion is based largely on
inadmissible evidence and that the remaining evidence is not
sufficient for Plaintiffs to make a <u>prima facie</u> showing that they
are entitled to declaratory judgment.

Defendants argue that the Staub and Healey declarations must
be excluded because they fail to attach the documents to which they
refer.  Federal Rule of Civil Procedure 56(e) requires that
documents relied upon in an affidavit presented in a summary

10

United States District Court

For the Northern District of California

judgment motion or opposition thereto be attached to the affidavit.
See Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits
shall be made on personal knowledge, shall set forth such facts as
would be admissible in evidence, and shall show affirmatively that
the affiant is competent to testify to the matters stated therein.
Sworn or certified copies of all papers or parts thereof referred
to in an affidavit shall be attached thereto or served
therewith.").  Nonetheless, because the documents that should have
been attached to the Staub and Healey declarations were submitted
with Defendants' opposition, the Court will not exclude the
declarations.

Defendants also argue that the documents Plaintiffs rely on
are not properly authenticated.  The only documents not
authenticated at the time of the hearing, however, were the postal
receipts; all other documents were authenticated and admissible.
After the hearing, Plaintiffs submitted the postal receipts and a
declaration certifying the authenticity of those receipts;
therefore, the postal receipts are authenticated and admissible.
And, even without the postal receipts, Plaintiffs still make a
prima facie case based upon the purchases orders, the invoices and
the declaration of Mr. Healy, who states, and would testify, that
he ensured that each of mailings associated with the wire transfers
at issue was complete.

As noted above, Defendants argue that, even if Plaintiffs meet
their initial burden on their claim for declaratory judgment, there
are triable issues of fact that preclude summary judgment.
Defendants rely heavily upon the testimony of their expert, Mr.

11

Woodward.  As Plaintiffs note, however, Mr. Woodward makes no determination on whether Bar None actually provided the direct mail services at issue, nor could he.  Instead, he criticizes the quality and level of documentation that Bar None provides its customers; this does not give rise to a triable issue of fact.  He concludes that, based upon his review, he would not have paid the invoices, nor would he recommend that his clients pay the invoices; rather, he would have requested more back up data.  This does not controvert Plaintiffs' prima facie case that they did provide the services paid for by the wire transfers and are entitled to declaratory judgment.

Nor does Defendants' evidence that Mr. Crouse proposed a joint venture with Brandow and asked to borrow money controvert Plaintiffs' prima facie case.  Even assuming this is true, a jury could not reasonably infer from this fact that Mr. Crouse, Bar None and Mr. Wexler were stealing money from Brandow.  As Plaintiffs note, absent evidence of wrongdoing, evidence of a theoretical motive for engaging in wrongdoing is irrelevant.  Similarly, Defendants' evidence that there was an increase in wire transfers and their evidence regarding irregularities in payment does not controvert Plaintiffs' prima facie case, as it provides no basis for a conclusion of wrongdoing.

Thus, the Court grants summary judgment in favor of Plaintiffs on their claim for declaratory judgment.

II.  Concealment

Brandow's cross-complaint alleges that Plaintiffs intentionally failed to disclose that they had received more than

12

United States District Court

For the Northern District of California

one million dollars in excess of the amount allegedly owed Bar None for services rendered.  Plaintiffs contend that this allegation, and the concealment claim, are not supported by the evidence.

The parties agree that, to state a claim for concealment, Brandow must show a false representation, or concealment of a material fact, made with knowledge of its falsity, with the intent to deceive or induce the person to whom it is made to act upon it, and justifiable detrimental reliance on the statement.  <u>Stevenson v. Baum</u>, 65 Cal. App. 4th 159, 164 (1998).  Plaintiffs point to the evidence, discussed above, showing that services to Brandow were rendered for the amount of the disputed wire transfers.  In light of this evidence, the burden shifts to Brandow to produce specific evidence to show that a dispute of material fact exists.

Brandow again relies on the declaration of its expert, Mr. Woodward.  But, as discussed above, Mr. Woodward makes no determination that Brandow paid for services not rendered.  Brandow also argues that this case is about more than wire transfers; however, it fails to produce any specific evidence to support that argument.  The Court finds that Brandow offers no evidence to substantiate its claim that Bar None did not actually perform the services paid for by the wire transfers or that Plaintiffs knowingly concealed anything.  Ms. Stuski's unsupported hunch does not create a dispute of material fact.

Because Brandow has failed to produce evidence showing that a dispute of material fact exists, the Court grants summary judgment in favor of Plaintiffs on Brandow's claim for concealment.

13

**United States District Court**

For the Northern District of California

III.  Breach of Contract

Brandow's cross-complaint alleges that Bar None breached a series of contracts by receiving, for services not rendered, in excess of one million dollars through a money laundering scheme designed by Mr. Wexler and Mr. Crouse to defraud Brandow. Plaintiffs argue that, like Brandow's claim for concealment, this claim fails.

The parties agree that to state a claim for breach of contract, Brandow must prove the existence of a contract, Brandow's performance or excuse for non-performance, Bar None's breach and the resulting damages to Brandow.  Reichert v. General Ins. Co. of Am., 68 Cal. 2d. 822, 830 (1968).  Plaintiffs again point to the evidence demonstrating that, for each of the thirty wire transfers received by Bar None from Brandow, Bar None provided the requested direct mail services.  In light of this evidence, the burden shifts to Brandow to produce specific evidence to show that a dispute of material fact exists.

Brandow again relies on Mr. Woodward's declaration, arguing that it calls into question whether the services were actually provided.  As discussed above, that argument is not persuasive. Brandow's assertion that it paid for services not rendered, without any specific evidence, does not create a genuine issue of material fact.

Therefore, the Court grants summary judgment in favor of Plaintiffs on Brandow's claim for breach of contract.

IV.  Violation of California Penal Code Section 487 (Grand Theft)

Brandow alleges that Plaintiffs committed a public policy tort

14

United States District Court

For the Northern District of California

1    by receiving the wire transfers without providing anything in

2    return, in violation of California Penal Code Section 487.

3    Plaintiffs contend that this claim is also without support.

4         Section 487 provides that grand theft is committed when money,

5    labor or property taken is of a value exceeding four hundred

6    dollars.  Plaintiffs again point to the evidence demonstrating

7    that, for each of the thirty wire transfers received by Bar None

8    from Brandow, Bar None provided the requested direct mail services.

9    As noted above, in light of this evidence, the burden shifts to

10   Brandow to produce specific evidence to show that a dispute of

11   material fact exists.

12        Brandow argues that a triable fact exists as to whether

13   Plaintiffs illegally took money from it.  But it does not provide

14   specific evidence to support this argument, or its claim.

15   Therefore, the Court grants summary judgment in favor of Plaintiffs

16   on Brandow's claim for violation of California Penal Code

17   Section 487, assuming that such a violation provides a private

18   civil cause of action.

19   V.   Money Had and Received

20        Brandow claims that Plaintiffs became indebted to it by

21   collecting money through the wire transfers without actually

22   performing direct mail services.  Plaintiffs contend that Brandow's

23   claim for money had and received fails.

24        The parties agree that, to prevail on this claim, Brandow must

25   prove the existence of the following: (1) a statement of

26   indebtedness in a certain sum; (2) consideration given; and

27   (3) non-payment.  First Interstate Bank v. State of California, 197

28
                                   15

United States District Court

For the Northern District of California

Cal. App. 3d 627, 635 (1987).  Plaintiffs again point to the evidence demonstrating that, for each of the thirty wire transfers received by Bar None from Brandow, Bar None provided the requested direct mail services.  In light of this evidence, the burden shifts to Brandow to produce specific evidence to show that a dispute of material fact exists.

Brandow fails to meet its burden and, therefore, the Court grants summary judgment in favor of Plaintiffs on Brandow's claim for money had and received.

VI.   Unfair Business Practices

Brandow alleges that Plaintiffs violated Section 17200 of the California Business and Professions Code by accepting payments in excess of amounts invoiced, failing to credit the payments to outstanding invoices, failing to return excess payments and conspiring with Brandow's employees to steal from Brandow. Plaintiffs argue that this claim fails; they again point to the evidence demonstrating that, for each of the thirty wire transfers received by Bar None from Brandow, Bar None provided the requested direct mail services.  In light of this evidence, the burden shifts to Brandow to produce specific evidence to show that a dispute of material fact exists.  Although Brandow argues that there are triable issues of fact regarding whether Plaintiffs participated in any unlawful, unfair or fraudulent acts, it again fails to provide specific evidence to support this argument.  Therefore, the Court grants summary judgment in favor of Plaintiffs on Brandow's claim for unfair business practices.

16

VII.  Conspiracy

Brandow alleges that Plaintiffs and Mr. Wexler conspired and agreed among themselves to defraud Brandow, engaged in unfair and deceptive business practices and violated Penal Code Section 487. Plaintiffs argue that this claim also fails and, thus, they are entitled to summary judgment.

The parties agree that to prevail upon a claim for conspiracy, a plaintiff must prove the formation and operation of the conspiracy, wrongful conduct on the part of the defendant in furtherance of the conspiracy and damages arising from the wrongful conduct.  Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995).  Plaintiffs argue that Brandow has not, and cannot, produce any evidence that either Bar None or Mr. Crouse engaged in an unlawful scheme to steal money from Brandow.  They state that the most Brandow has produced is evidence that Ms. Stuski thinks that there was a conspiracy, a thought contradicted by the evidence showing that Plaintiffs did not engage in illegal activity.

Brandow responds that there is ample evidence to warrant trial on this claim.  It notes that Plaintiffs attempted to engage in "joint ventures" with Brandow and that Mr. Crouse asked to borrow money.  It notes that, after Brandow refused to loan money or participate in a joint venture, the wire transfers to Bar None accelerated.  Brandow provides no evidence, however, that Bar None fraudulently received any wire transfers in connection with work it did not perform.

Because Brandow has failed to produce evidence showing that a dispute of material fact exists concerning whether Plaintiffs

17

engaged in wrongful conduct, the Court grants summary judgment in favor of Plaintiffs on Brandow's claim for conspiracy.

VIII.   Accounting

Brandow alleges that an accounting is necessary to show the amount that it is owed from Bar None.  Plaintiffs argue that this claim, like all of Brandow's other cross-claims, fails.  It notes that a plaintiff is entitled to an accounting if it can demonstrate wrongdoing.  See Union Bank v. Sup. Ct., 31 Cal. App. 4th 573, 593-94 (1995) ("defendant has proven it engaged in no misconduct and, as a result, plaintiffs have no right to an accounting"); Caldwell v. Caldwell, 80 Cal. App. 2d 378, 382-83 (1947) (absence of misconduct by defendants warranted nonsuit as to plaintiff's accounting cause of action).  Here, Brandow has failed to establish that a dispute of material fact exists as to any wrongdoing by Plaintiffs.  Therefore, the Court grants summary judgment in Plaintiffs' favor on this claim.

IV.  Defendants' request for further discovery

Defendants request that, if the Court is inclined to grant Plaintiffs' motion, the Court continue Plaintiffs' motion for six months to allow Defendants to conduct additional discovery, pursuant to Federal Rule of Civil Procedure 56(f).  Rule 56(f) requires the party opposing summary judgment to state by affidavit that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."  Fed. R. Civ. P. 56(f).  "[T]he party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact.  The mere hope that further evidence may

18

United States District Court

For the Northern District of California

develop prior to trial is an insufficient basis for a continuance under Fed. R. Civ. P. 56(f)." Continental Maritime of San Francisco v. Pacific Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO, 817 F.2d 1391, 1395 (9th Cir. 1987) (internal citation omitted).  To obtain a continuance, the party opposing the summary judgment motion must make clear not only what information is sought, but also how that information "would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)).

Plaintiffs object to Defendants' request for additional time to conduct discovery.  They argue that a party seeking a continuance of a summary judgment motion, pursuant to Rule 56(f), must formally move for a continuance.  Defendants do not. Nonetheless, even assuming that Defendants did, they fail to make clear what information is sought or how that information would preclude summary judgment.

Ms. Stuski states that she has outstanding discovery requests. As Plaintiffs note, however, none of these pending requests are relevant to Plaintiffs' claim for declaratory judgment, the only claim against Ms. Stuski at issue on this motion for summary judgment.  And Ms. Stuski points to no potential discovery requests that would pertain to the declaratory judgment claim at issue.

Brandow states that it needs to take depositions of Mr. Crouse, Mr. Wexler, and Bar None's most knowledgeable person, because these individuals will have information concerning the relationship between the parties, who ordered services, what was

United States District Court

For the Northern District of California

ordered, whether services were provided, how invoices were
prepared, how documents were kept and Bar None's financial
condition from 2003 to 2004; they will also be able to provide
testimony comparing the Brandow account to other dealer accounts.
Brandow states that this information will bear on the breach of
contract and fraud claims in the cross-complaint and will provide
additional evidence to show that there are triable issues of fact.
These broad statements are not sufficient to comply with the
requirements of Rule 56(f). As the Ninth Circuit instructs, "Rule
56(f) requires affidavits setting forth the particular facts
expected from the movant's discovery." Brae Transp., Inc. v.
Coopers & Lybrand, 790 F.2d 1439, 1443 (1986). Brandow sets forth
no particular or specific facts.

Furthermore, as Plaintiffs note, Defendants cannot prove that
they pursued discovery diligently before the motion for summary
judgment. See id. (noting that "the movant cannot complain if it
fails to pursue discovery diligently before summary judgment").
Plaintiffs filed the complaint in this case over one year ago and
Defendants have failed to take a single deposition, even after
Plaintiffs first filed their motion for summary judgment in state
court over four months ago. Defendants contend that they could not
take depositions because Plaintiffs stonewalled Defendants'
attempts to obtain relevant documents. This contention, however,
is not supported by the record.

The Court will not delay ruling on Plaintiffs' motion for
summary judgment.

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Summary Judgment (Docket No. 17).[1]  The Court will enter a declaratory judgment that Plaintiffs do not owe Brandow $1,023,474, or any amount, and that Brandow's refund request of $1,023,474 is without merit and is invalid.  Judgment will be entered against Brandow on all of Brandow's counter-claims.  These judgments will will enter when the remainder of the case is resolved.

IT IS SO ORDERED.

Dated: 1/4/07



CLAUDIA WILKEN
United States District Judge

---

[1]The parties submitted numerous objections, not discussed above, to the other parties' evidence.  In addition, Defendants move to strike evidence Plaintiffs submitted in their reply (Docket No. 62).  To the extent that the Court relied upon evidence to which there is an objection, the parties' objections are overruled. To the extent that the Court did not rely on such evidence, the parties' objections are overruled as moot.  Similarly, to the extent the Court relied upon evidence Defendants move to strike, Defendants' motion is DENIED; to the extent the Court did not rely on such evidence, Defendants' motion is DENIED as moot.  The Court has not relied on any inadmissible evidence in deciding this motion.

United States District Court

For the Northern District of California